United States District Court
Southern District of Texas
**ENTERED**
May 07, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHENEVIAL GILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-2725 |
| | § | |
| CHEX SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Chex Systems, Inc.'s Motion to Dismiss Plaintiff's Complaint with Prejudice (Document No. 6). Having considered the Defendant's motion, submissions, and applicable law, the Court determines that the Defendant's motion should be granted.

## I. BACKGROUND

This is a matter arising under the Federal Fair Credit Reporting Act ("FCRA"). *Pro se* Plaintiff Chenevial Gill ("Gill") brings suit against Defendant Chex Systems, Inc. ("Chex"), a nation-wide consumer reporting agency. Gill alleges that Chex violated the FCRA by "willfully and/or negligently fail[ing] to ensure the accuracy of information in plaintiff's consumer report, and fail[ing] to conduct a reasonable investigation after plaintiff disputed inaccurate information."[1] Gill

---

[1] *Plaintiff's Initial Complaint*, Document No. 1, Exhibit 2 at 7.

further alleges that Chex caused Gill to "suffer harm, including the denial of banking services and emotional distress in violation of the Fair Credit Reporting Act."[2]

Based on the foregoing, on February 27, 2026, Gill filed suit, *pro se*, in the Justice Court of Harris County, Texas, Precinct 5, Place 1. On April 6, 2026, Chex removed this matter to this Court pursuant to federal question jurisdiction. On April 13, 2026, Chex filed a motion to dismiss for failure to state a claim upon which relief can be granted.[3] Gill has failed to respond to Chex's pending motion to dismiss either by the original response deadline or the date of this Order.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

---

[2] *Id.*

[3] *See Defendant Chex Systems, Inc.'s Motion to Dismiss Plaintiff's Complaint with Prejudice*, Document No. 6 at 1-15.

2

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Chex moves to dismiss Gill's complaint, contending that Gill fails to state a claim upon which relief can be granted, in violation of Federal Rule of Civil Procedure 12(b)(6). The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Gill did not respond to Chex's motion to dismiss, failing to rebut or offer evidence to counter Chex's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Gill's failure to respond to Chex's motion to dismiss, the Court will consider the merits of Gill's claim against Chex.

3

Gill alleges that Chex "willfully and/or negligently failed to ensure the accuracy of information in plaintiff's consumer report, and failed to conduct a reasonable investigation after plaintiff disputed inaccurate information."[4] Chex notes for the Court Gill's failure to specify which section of the FCRA Chex supposedly violated, but construe Gill's complaint to allege violations of sections § 1681e(b) and § 1681i. Gill offers no rebuttal. The Court will independently consider both sections of the FCRA Chex has construed is stated against them, and whether Gill states a claim upon which relief can be granted with respect to either section.

*A. Section 1681e(b)*

Section 1681e(b) of the FRCA states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under § 1681e(b), a plaintiff must allege sufficient facts to plausibly suggest that the credit reporting agency failed to follow reasonable procedures to ensure the maximum possible accuracy of the consumer report.

Here, Chex contends that Gill's complaint includes no factual allegations regarding Chex's procedures or how they are unreasonable. A review of Gill's

---

[4] *Plaintiff's Initial Complaint*, Document No. 1, Exhibit 2 at 7.

4

complaint reveals a singular, conclusory sentence that reads as follows: "Defendant ChexSystems, Inc. willfully and/or negligently failed to ensure the accuracy of information in plaintiff's consumer report[.]"[5] Considering the Fifth Circuit's clear guidance that "complaints containing conclusory allegations, absent reference to material facts, will not survive motions to dismiss[,]" the Court determines that Gill's claim brought pursuant to Section 1681e(b) of the FCRA should be dismissed.[6] The Court now turns to Gill's claim brought pursuant to Section 1681i.

*B. Section 1681i*

Section 1681i of the FCRA states numerous procedures consumer reporting agencies must follow in cases of disputed credit reporting accuracy. Chex contends that Gill fails to identify any specific subsection of Section 1681i that Chex allegedly violated. Gill offers no rebuttal. A review of Gill's complaint reveals that Plaintiff only allegation against Chex is that Chex "failed to conduct a reasonable investigation."[7] Chex notes for the Court that Gill's complaint does not include any allegations as to: (1) whether Gill requested Chex to conduct an investigation; (2) whether Gill received a response from Chex regarding her requested investigation; or (3) what the investigation Gill supposedly requested was even pertaining to.

---

[5] *Id.*

[6] *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988).

[7] *Plaintiff's Initial Complaint*, Document No. 1, Exhibit 2 at 7.

5

Considering the Fifth Circuit's clear guidance that "complaints containing conclusory allegations, absent reference to material facts, will not survive motions to dismiss[,]" the Court determines that Gill's claim brought pursuant to Section 1681i of the FCRA should be dismissed.[8]

Even construing the complaint liberally, the Court finds that Gill offers no plausible factual basis for her assertions against Chex. Given the Fifth Circuit's guidance that a Plaintiff must provide enough facts to state a claim for relief that is plausible on its face, the Court finds that Gill's claims brought pursuant to the FCRA should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Chex Systems, Inc.'s Motion to Dismiss Plaintiff's Complaint with Prejudice (Document No. 6) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Chenevial Gill's claims against Defendant Chex Systems, Inc. are **DISMISSED**.

SIGNED at Houston, Texas, on this __7__ day of May, 2026.

DAVID HITTNER
United States District Judge

---

[8] *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988).

6